Robert Claus Montgomery County Attorney Judicial Center, 300 East Main Independence, Kansas 67301
Dear Mr. Claus:
You seek our opinion regarding application of the Kansas Open Meetings Act (KOMA), K.S.A. 75-4317 et seq., to serial communications between members of a public body covered by the KOMA, when such communications are discussions of the business or affairs of the body.
The serial communications you ask about lack a majority of a quorum at any given time, but ultimately involve a majority of a quorum. One example is a calling tree: A public board needs to discuss an issue that the members believe is too sensitive to be discussed in public, but for which there is no statutory authority for an executive session. The chair proposes each of the members telephone the others, one by one, to discuss their opinions on the issue. If the board has six or more members, a majority of a quorum is at least three. A calling tree would involve no more than two board members speaking to one another at the same time. The chair would then call each of the members to "survey" their opinions. A formal vote would be taken at the next open meeting.
Such serial communications can take other forms. For instance, groups of less than a majority of a quorum may gather at different locations and discuss the issue before the board. A staff person not subject to KOMA circulates between the groups letting each know the content of the discussions of the other groups until a consensus is formed.
Such serial communications could also occur through e-mail. One member e-mails another, who adds to the e-mail and sends it along to the next. The mail may pass in circles. Or, there may be a formal discussion board or LISTSERV (TM) set up where each member automatically receives messages posted by the others, and can comment on the messages. In this way the members can exchange their thoughts on an issue without ever gathering or communicating in "real time."
The Legislature has declared open meetings to be the policy of the State:
 "In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the policy of this state that meetings for the conduct of governmental affairs and the transaction of governmental business be open to the public." K.S.A. 75-4317.
In an action to enforce the KOMA, "the burden of proof shall be on the public body or agency to sustain its action." K.S.A. 75-4320a(b). The courts have said that the "KOMA is remedial in nature and therefore subject to broad construction in order to carry out the state legislative intent." Memorial Hospital Ass'n, Inc. v. Knutson, 239 Kan. 663, 669
(1986).
If there is a meeting within the KOMA's definition, then the meeting must be open to the public and notice must be sent to those requesting it. K.S.A. 75-4318. The question is whether such a serial communication can constitute a meeting for purposes of the KOMA.
Prior to 1994, the KOMA defined a meeting as:
 "[A]ny prearranged gathering or assembly by a majority of a quorum of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency." K.S.A. 75-4317a (Ensley 1984).
In State ex rel Stephan v. Board of County Com'rs of Seward County,254 Kan. 446 (1994), the Kansas Supreme Court held that a telephone call was not a meeting under this previous definition because physical presence was required for a meeting and because the call was not prearranged. Id. at 451. Shortly after this decision the Legislature amended K.S.A. 75-4317a to expand the definition of meeting, thus legislatively overruling Seward County:
 "As used in this act, `meeting' means any gathering, assembly, telephone call or any other means of interactive communication by a majority of a quorum of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency." K.S.A. 75-4317a.
The bill, which became the current version of K.S.A. 75-4317a, passed the House by a vote of 111 to 8 and the Senate by a vote of 38 to 2. 1994 H.B. 2784; 1994 House Journal 1840; 1994 Senate Journal 1681.
By expressly including telephone calls and interactive communications it is clear that physical presence is no longer required for there to be a meeting. The purported justification given by public bodies for communications between a series of meetings of less than a majority of a quorum, such as calling trees, is that they do not occur in "real time." In other words, they argue that while everyone may ultimately exchange thoughts and opinions with everyone else, because they do not hear and respond immediately, there is no meeting.
We do not believe, however, that "real time" is a necessary condition for an interactive communication to constitute a meeting under K.S.A.75-4317a. Webster's Third New International Dictionary Unabridged 1176 (Merriam-Webster, Inc. 1986) defines interact as "to act upon each other: have reciprocal effect or influence." Interactive is defined as "mutually or reciprocally active." The serial communications described above allow each board member to hear and comment on every other member's opinions and thoughts. We believe such serial communications are interactive because the communications are ultimately mutual. The process allows for thoughts to be shared in common. The serial communications are also reciprocal. The process allows thoughts to be transmitted back and forth. Government business is being discussed, and the intent of the KOMA is that such discussions be open to the public. "Public bodies cannot be allowed to do indirectly what the legislature has forbidden." Memorial Hospital Ass'n, Inc. supra at 671.
We are not alone in reaching this conclusion. Two states have statutes that expressly prohibit serial meetings. Texas' statute makes it a misdemeanor if a "member or group of members knowingly conspire to circumvent this chapter by meeting in numbers less than a quorum for the purpose of secret deliberations. . . ." Tex. Gov't Code Ann. § 551.143. Kentucky has a similar prohibition. See, Ky. Rev. Stat. Ann. § 61.810(2).
In other states without a specific prohibition on serial meetings, the courts that have considered this question have held those states' open meetings acts cover such sequential or circular series of meetings if the total number of participants is enough to trigger the act and there is a common topic of discussion concerning public business. See Rehab Hosp.v. Delta-Hills Health Systems, 678 S.W.2d 840 (Ark. 1985); StocktonNewspapers v. Members of Redev. Agcy, 214 Cal.Rptr. 561 (Cal.App. 3 Dist. 1985); Blackford v. School Bd. of Orange Cty., 375 So.2d 578
(Fla.App. 1979), Booth Newspapers v. Wyoming City Council, 425 N.W.2d 695
(Mich.App. 1988); Bd. of Trustees et. Al. v. Miss. Publishers Corp,478 So.2d 269 (Miss. 1985).
In State ex. rel. Cincinnati Post v. Cincinnati, 668 N.E.2d 903 (Ohio 1996), the city manager on three different days called three series of back to back meetings with small groups of the council. (The size of an individual group was less than that required to trigger the Ohio open meetings act.) At these meetings the manager discussed the county's proposal for new stadiums. The court said,
 "To find that Cincinnati's game of `legislative musical chairs' is allowable under the Sunshine Law would be to ignore the legislative intent of the statute, disregard its evident purpose, and allow an absurd result.
 "The statute requires that governmental bodies `conduct all deliberations upon official business only in open meetings.' R.C. 121.22(A). Its very purpose is to prevent just the sort of activity that went on in this case — elected officials meeting secretly to deliberate on public issues without accountability to the public.
. . .
 "To rule in Cincinnati's favor would be to endorse the behavior undertaken by city council and the city manager in this case and make it applicable to every city council meeting in Ohio. The statute that exists to shed light on deliberations of public bodies cannot be interpreted in a manner which would result in the public being left in the dark. The Ohio Sunshine Law cannot be circumvented by scheduling back-to-back meetings which, taken together, are attended by a majority of a public body." 686 N.E.2d at 906.
In a recent opinion, the North Dakota Attorney General reached a similar conclusion involving that state's open meetings act, which applies to meetings of a quorum of a governing body to transact business:
 "[T]here is a threshold at which multiple conversations (in person or over the telephone) on a particular subject, each involving two or three Board members, collectively involve enough Board members (a quorum) that the conversations have the potential effect of forming consensus or furthering the Board's decision-making process on that subject. At the point the conversations on a particular subject collectively involve a quorum of the board, the `quorum rule' is satisfied and the topic of discussion must be considered.
 "[I]t is appropriate for a member who was absent from a meeting to contact the other members, if the conversations are limited to finding out what happened at the meeting. Similarly, it would be appropriate for the presiding officer of a governing body to contact the other members to determine which items to include on the agenda of the next meeting, as long as to conversations do not include information-gathering or discussion regarding the substance of the issues on the agenda. It is only when those meetings become steps in the decision-making process (information gathering, discussion, formulating or narrowing of opinions, or action) regarding public business that the open meetings law is triggered." N.D. Attorney General Opinion No. 98-0-05.
In summary, a series of meetings each of which involves less than a majority of a quorum of a public body, but collectively totaling a majority of a quorum, at which there is a common topic of discussion of the business or affairs of that body constitutes a meeting for purposes of the KOMA.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm