BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE WESLEY CHESBRO, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May a majority of the board members of a local public agency e-mail each other to develop a collective concurrence as to action to be taken by the board without violating the Ralph M. Brown Act if the e-mails are also sent to the secretary and chairperson of the agency, the e-mails are posted on the agency's Internet website, and a printed version of each e-mail is reported at the next public meeting of the board?
 CONCLUSION
A majority of the board members of a local public agency may not e-mail each other to develop a collective concurrence as to action to be taken by the board without violating the Ralph M. Brown Act even if the e-mails are also sent to the secretary and chairperson of the agency, the e-mails are posted on the agency's Internet website, and a printed version of each e-mail is reported at the next public meeting of the board.
 ANALYSIS
The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Brown Act")[1] generally requires the legislative body of a local public agency to hold its meetings open to the public. (§§ 54951,54952, 54953, 54962.) Agendas of the meetings must be posted (§§ 54954.1, 54954.2), and members of the public must be given an opportunity to address the legislative body on any agenda item of interest to the public (§ 54954.3).
The purposes of the Brown Act are thus to allow the public to attend, observe, monitor, and participate in the decision-making process at the local level of government. Not only are the actions taken by the legislative body to be monitored by the public but also the deliberations leading to the actions taken. (See Roberts v. City of Palmdale (1993)5 Cal.4th 363, 373, 375; Frazer v. Dixon Unified School Dist. (1993)18 Cal.App.4th 781, 795-797; Stockton Newspaper, Inc. v. Redevelopment Agency (1985) 171 Cal.App.3d 95, 100; Sacramento Newspaper Guild v. Sacramento County Bd. of Suprs. (1968) 263 Cal.App.2d 41, 45.) "The term `deliberation' has been broadly construed to connote `not only collective discussion, but the collective acquisition and exchange of facts preliminary to the ultimate decision.' [Citation.]" (Rowen v. Santa Clara Unified School Dist. (1981) 121 Cal.App.3d 231, 234; see Roberts v. City of Palmdale, supra, 5 Cal.4th at p. 376.)
The question presented for resolution concerns e-mail messages between members of the board of a local public agency. May a majority of the members e-mail each other to develop a collective concurrence as to action to be taken by the board without violating the Brown Act if the e-mails are sent to the secretary and chairperson of the agency, the e-mails are posted on the agency's Internet website, and a printed version of each e-mail is reported at the next public meeting of the agency? We conclude that such conditions would not be sufficient to prevent a violation of the Brown Act.
The statute governing our discussion is section 54952.2, subdivision (b), which provides:
 "Except as authorized pursuant to Section 54953, any use of direct communication, personal intermediaries, or technological devices that is employed by a majority of the members of the legislative body to develop a collective concurrence as to action to be taken on an item by the members of the legislative body is prohibited."
Section 54953 concerns the use of teleconferencing procedures and has no application to the situation presented herein.
In analyzing the language of section 54952.2, we may apply well recognized principles of statutory construction. We are to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (DuBois v. Workers' Comp. Appeals Bd. (1993) 5 Cal.4th 382, 387.) "The words of the statute are the starting point." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature. . . ." (Lungren v. Deukmejuan (1988) 45 Cal.3d 727, 735.)
Applying these rules of construction to the terms of subdivision (b) of section 54952.2, we find that the sending of e-mails would be the "use of . . . technological devices." The statutory prohibition applies to such use "by a majority of the members of the legislative body." Anything less than a majority is not covered by the statute. (See Roberts v. City of Palmdale, supra, 5 Cal.4th at pp. 375-377; Frazer v. Dixon Unified School Dist., supra, 18 Cal.App.4th at p. 797.) Here, we are given that a majority of the board members are sending e-mails to each other.
As for the requirement that the e-mails be employed "to develop a collective concurrence as to action to be taken on an item," we note that such activity would include any exchange of facts (see Roberts v. City of Palmdale, supra, 5 Cal.4th at pp. 375-376; Frazer v. Dixon Unified School Dist., supra, 18 Cal.App.4th at p. 796) or, as we have previously explained in our pamphlet on the Brown Act, substantive discussions "which advance or clarify a member's understanding of an issue, or facilitate an agreement or compromise amongst members, or advance the ultimate resolution of an issue" (Cal. Dept. of Justice, The Brown Act, Open Meetings For Local Legislative Bodies (1994), p. 12) regarding an agenda item.
We find no distinction between e-mails and other forms of communication such as leaving telephone messages or sending letters or memorandums. If e-mails are employed to develop a collective concurrence by a majority of board members on an agenda item, they are subject to the prohibition of section 54952.2, subdivision (b). Application of the statute in such circumstances furthers the "broad policy of the act to ensure that local governing bodies deliberate in public." (Roberts v. City of Palmdale, supra, 5 Cal.4th at p. 373; see Frazer v. Dixon Unified School Dist., supra, 18 Cal.App.4th at pp. 794-795; Stockton Newspapers, Inc. v. Redevelopment Agency, supra, 171 Cal.App.3d at p. 100; Sacramento Newspaper Guild v. Sacramento County Board of Suprs., supra, 263 Cal.App.3d at p. 45).
We recognize that the three conditions of (1) concurrently sending copies of the e-mails to the secretary and chairperson of the agency, (2) concurrently posting the e-mails on the agency's Internet website, and (3) reporting the contents of the e-mails at the agency's next public meeting would allow the deliberations to be conducted "in public" to some extent. Nevertheless, the deliberations would not be conducted as contemplated by the Brown Act. Members of the public who do not have Internet access would be unable to monitor the deliberations as they occur. All debate concerning an agenda item could well be over before members of the public could be given an opportunity to participate in the decision-making process. (See Frazer v. Dixon Unified School Dist., supra, 18 Cal.App.4th at p. 794; Cal. Dept. of Justice, The Brown Act, Open Meetings For Local Legislative Bodies, supra, p. 12.) Subdivision (b) of section 54952.2 is straightforward and unambiguous. The proposed conditions satisfy neither the specific language nor all the critical purposes of the statute.
We thus conclude that a majority of the board members of a local public agency may not e-mail each other to develop a collective concurrence as to action to be taken by the board without violating the Brown Act even if the e-mails are also sent to the secretary and chairperson of the agency, the e-mails are posted on the agency's Internet website, and a printed version of each e-mail is reported at the next public meeting of the board.
[1] All references hereafter to the Government Code are by section number only.