BILL LOCKYER Attorney General MARJORIE E. COX Deputy Attorney General
THE HONORABLE TONY STRICKLAND, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. Do the open meeting requirements of the Ralph M. Brown Act apply to the meetings of the governing board of a private, nonprofit corporation formed for the purpose of providing programming for a cable television channel set aside for educational use by a cable operator pursuant to its franchise agreement with a city and subsequently designated by the city to provide the programming services?
2. Do the records disclosure requirements of the Public Records Act apply to such a corporation?
 CONCLUSIONS
1. The open meeting requirements of the Ralph M. Brown Act apply to the meetings of the governing board of a private, nonprofit corporation formed for the purpose of providing programming for a cable television channel set aside for educational use by a cable operator pursuant to its franchise agreement with a city and subsequently designated by the city to provide the programming services.
2. The records disclosure requirements of the Public Records Act apply to a private, nonprofit corporation formed for the purpose of providing programming for a cable television channel set aside for educational use by a cable operator pursuant to its franchise agreement with a city and subsequently designated by the city to provide the programming services.
 ANALYSIS
In 1995, the City of Thousand Oaks ("City") granted Ventura County Cablevision ("Cablevision") a franchise to install and operate a cable television system within the City. Cablevision agreed to set aside a channel for educational use and to operate the channel until such time as the City designated a nonprofit corporation to assume operational control. Cablevision also agreed to grant $25,000 for the purchase of television production equipment to a consortium of educators to be designated by the City.[1]
In 1996, a nonprofit public benefit corporation ("Corporation") was organized with the stated purpose of "join[ing] together the area's schools, universities, and colleges and other educational organizations in order to establish and implement policies for the management, utilization, programming and scheduling of one or more dedicated educational access community cable TV channels. . . ." The City designated the Corporation as the entity responsible for programming the educational access channel ("Channel 21") to be set aside under Cablevision's franchise agreement. The City also designated the Corporation as the recipient of Cablevision's $25,000 production equipment grant and similar grants, thereby providing the Corporation with an initial capitalization of $57,000.
The Corporation currently has five directors, three of whom are appointed by the Conejo Valley Unified School District ("School District"); the other two directors must be approved by the School District. One of the Corporation's directors is a School District trustee. The School District provides $200 annually towards the Corporation's franchise fees.
Insofar as we have been advised, no City officer has served as a director of the Corporation, and the City has not directly contributed money to the Corporation since the original grants of $57,000. However, the City has the right to review and approve any guidelines the Corporation has or might adopt concerning the use of Channel 21 and has the right to terminate the authority previously delegated to the Corporation to provide programming for the channel.
1. Public Meeting Requirements
The first question to be resolved is whether the meetings of the Corporation's board of directors are subject to the open meeting requirements of the Ralph M. Brown Act (Gov. Code, §§54950-54962; "Brown Act").[2]
We conclude that they are.
The Brown Act generally requires the legislative body of a local public agency to hold its meetings open to members of the public. (§§54951, 54952, 54953, 54962.) Agendas of the meetings must be posted (§§ 54954.1, 54954.2), and the public must be given an opportunity to address the legislative body on items of interest (§ 54954.3).
The evident purposes of the Brown Act are to allow the public to attend, observe, monitor, and participate in the decision-making process at the local level of government. Not only are the actions taken by the legislative body to be monitored by the public but also the deliberations leading to the actions taken. (§ 54950; see Roberts v. City of Palmdale (1993) 5 Cal.4th 363, 373, 375; Frazer v. Dixon Unified School Dist. (1993) 18 Cal.App.4th 781, 794-798; Stockton Newspapers, Inc. v. Redevelopment Agency (1985) 171 Cal.App.3d 95, 100; Sacramento Newspaper Guild v. Sacramento County Bd. of Suprs. (1968) 263 Cal.App.2d 41, 45.)
Subdivision (a) of section 54953 provides for meetings of local agencies to be open to the public:
"All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter."
A "local agency" is defined in section 54951 as follows:
 "As used in this chapter, `local agency' means a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency."
The term "legislative body" is defined in section 54952 to include the board of private corporations in specified circumstances:
"As used in this chapter, `legislative body' means:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(c)(1) A board, commission, committee, or other multimember body that governs a private corporation or entity that either:
"(A) Is created by the elected legislative body in order to exercise authority that may lawfully be delegated by the elected governing body to a private corporation or entity.
"(B) Receives funds from a local agency and the membership of whose governing body includes a member of the legislative body of the local agency appointed to that governing body as a full voting member by the legislative body of the local agency.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Under the language of section 54952, subdivision (c)(1)(A), the board of directors of the Corporation would constitute a "legislative body" subject to the Brown Act if the Corporation was created by an elected legislative body to exercise authority lawfully delegated by such elected legislative body. (See Epstein v. Hollywood Entertainment Dist. II Bus. Improvement Dist. (2001) 87 Cal.App.4th 862, 868-873; International Longshoremen's Warehousemen's Union v. Los Angeles Export Terminal, Inc. (1999) 69 Cal.App.4th 287, 293-300.)
In the present circumstances, the city council of the City (an elected legislative body of a local agency) played a role in bringing the Corporation into existence by (1) granting a franchise to Cablevision, (2) requiring Cablevision to set aside an educational channel, (3) designating the Corporation as the entity to operate the channel, and (4) indirectly providing the Corporation with an initial capitalization of $57,000. The term "created by" in section 54952, subdivision (c)(1)(A), means that the "City `played a role in bringing' the [private corporation] `into existence.' [Citation.]" (Epstein v. Hollywood Entertainment Dist. II Bus. Improvement Dist., supra, 87 Cal.App.4th at p. 870, citing International Longshoremen's Warehousemen's Union v. Los Angeles Export Terminal, Inc., supra, 69 Cal.App.4th at p. 295.)
The authority to operate the educational access channel was lawfully delegated to the Corporation by the city council of the City. (See §53066; 47 U.S.C. §§ 521, 531; see also International Longshoremen's Warehousemen's Union v. Los Angeles Export Terminal, Inc., supra, 69 Cal.App.4th at p. 297 ["a public body may delegate the performance of administrative functions to a private entity if it retains ultimate control over administration so that it may safeguard the public interest"].) Here, the City has reserved the right to review and approve any guidelines the Corporation has concerning the use of Channel 21 and has reserved the right to terminate its authority previously delegated to the Corporation.
Both of the conditions of section 54952, subdivision (c)(1)(A), have therefore been met, resulting in the Corporation's board coming within the meaning of a "legislative body" for purposes of the Brown Act's requirements.
Moreover, the Corporation's board also constitutes a "legislative body" under the terms of section 54952, subdivision (c)(1)(B). The Corporation receives funds from the School District, a local agency (§ 54951). Not only does the School District appoint three of the Corporation's five directors, it must approve the appointments of the other two directors as well. One of the School District's trustees is a Corporation director with full voting rights. Hence, the Corporation's board constitutes a "legislative body" as defined in section 54952, subdivision (c)(1)(B).
We conclude that the open meeting requirements of the Brown Act apply to the meetings of the governing board of a private, nonprofit corporation formed for the purpose of providing programming for a cable television channel set aside for educational use by a cable operator pursuant to its franchise agreement with a city and subsequently designated by the city to provide the programming services.
 2. Public Records Requirements
The second question to be resolved is whether the records of the Corporation are subject to the requirements of the Public Records Act (§§ 6250-6276.48). We conclude that they are.
Under the Public Records Act, a state or local public agency is generally required to allow any member of the public to inspect the records in its custody. (§§ 6250, 6252, 6253; Register Div. of Freedom Newspaper, Inc. v. County of Orange (1984) 158 Cal.App.3d 893, 901.) "[A]ccess to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250; see Times Mirror Co. v. Superior Court (1991) 53 Cal.3d 1325,1338; Wilson v. Superior Court (1996) 51 Cal.App.4th 1136, 1141.)
Local public agencies (see § 6252, subd. (d)) that are subject to the public disclosure of their records are defined in section 6252, subdivision (b), as follows:
"`Local agency' includes a county; city, whether general law or chartered; city and county; school district; municipal corporation; district; political subdivision; or any board, commission or agency thereof; other local public agency; or nonprofit entities that are legislative bodies of a local agency pursuant to subdivisions (c) and (d) of Section 54952."
The Corporation meets the test for being a local agency as that term is defined in section 6252. As found in answer to the first question, the Corporation is a nonprofit entity whose board of directors constitutes a "legislative body" pursuant to section 54952, subdivision (c).[3]
Our answer to the first question thus answers the second question.
We conclude that the disclosure requirements of the Public Records Act apply to a private, nonprofit corporation formed for the purpose of providing programming for a cable television channel set aside for educational use by a cable operator pursuant to its franchise agreement with a city and subsequently designated by the city to provide the programming services.
[1] The Cable Communications Policy Act of 1984 (47 U.S.C. § 521-573) authorizes local governments to require cable operators to enter franchise agreements governing the operation of their cable systems and to set aside channels for "public, educational, or governmental use" (47 U.S.C. § 521, 531) "as part of the consideration an operator gives in return for permission to install cables under city streets and to use public rights-of-way" (Denver Area Ed. Telecommunications Consortium, Inc. v. FCC (1996) 518 U.S. 727, 734 (plur. opn. of Breyer, J.). (See also Gov. Code, § 53066; 46 Ops.Cal.Atty.Gen. 22, 24 (1965).)
[2] All references hereafter to the Government Code are by section number only.
[3] Subdivision (d) of section 54952 refers to the lessees of certain hospitals.