[Civ. No. 7968. Fourth Dist., Div. One. Nov. 28, 1966.]

WILLIAM R. LETSCH, Plaintiff and Appellant, v. NORTHERN SAN DIEGO COUNTY HOSPITAL DISTRICT et al., Defendants and Respondents.

[Civ. No. 7967. Fourth Dist., Div. One. Nov. 28, 1966.]

JOHN G. REYNOLDS, Plaintiff and Appellant, v. NORTHERN SAN DIEGO COUNTY HOSPITAL DISTRICT et al., Defendants and Respondents.

(Consolidated Cases.)

F. V. Lopardo for Plaintiffs and Appellants.

Jennings, Engstrand & Henrikson, Higgs, Jennings, Fletcher & Mack, Paul D. Engstrand, Jr., and John H. Whitney for Defendants and Respondents.

COUGHLIN, J. — Petitioners Letsch and Reynolds are licensed medical doctors, the former being a specialist in radiology and the latter a general practitioner; are members of the staff of Palomar Memorial Hospital; claim their right to practice medicine has been interfered with unlawfully by the action of the defendants, the hospital district and its board of directors operating the Palomar Memorial Hospital; and seek writs of mandate directing defendants to permit them to use the hospital facilities without interference.

The controversy stems from the action of the board in operating the radiology department of the hospital under the closed staff method. Prior to February 11, 1963, petitioner Letsch and a doctor named Benz, by agreement with the board, acted

as the hospital's radiologists. On that date the board termi-
nated its agreement with Letsch. Subsequently, on March 11,
1963, the board and Benz executed an agreement in writing by
virtue of which the latter became the sole hospital radiologist.
Under the method adopted Letsch was not permitted to use the
facilities or personnel of the radiology department. He attacks
the action of the board in the premises as an unlawful inter-
ference with his right to practice medicine as a radiologist in
the hospital. Reynolds attacks the action of the board as an
unlawful interference with his right to select the radiologist of
his choice for his patients. By their petitions, in substance,
each sought to require the district to permit Letsch to use the
radiology department facilities and personnel without the
restraints imposed by the closed staff method of operation.

The court found, and its findings in the premises are
supported by substantial evidence, that at all times the equip-
ment and other facilities of the radiology department were
owned by the district; all personnel, except the hospital radi-
ologist, were employees of the district; all expenses of the
department were paid by the district; billings for all radio-
logical services to patients were made by the district; the
department was under the supervision of a licensed physician
by agreement with the district under which he was compen-
sated for his professional services computed upon a percentage
of the gross billings to patients amounting to 30 percent of
such billings, enjoyed the exclusive right to use or direct the
use of the radiological personnel, equipment and supplies,
performed radiological procedures requested by members of
the medical staff, reported his findings to the admitting physi-
cian, and made a written report of each case processed by the
department on the form that became a part of the patient's
medical record; the policy established and maintained by the
district in the use of the radiology department permitted
consultation by members of the medical staff specializing in
radiology with admitting physicians, and the making of a
written report of the consultation on forms supplied by the
hospital which became a part of the patient's medical record,
provided that the fees charged for such consultation services
should be billed directly by the consulting radiologist to the
patient, and further provided that the consulting radiologist
obtain consent of the hospital radiologist for the use of hospi-
tal radiological equipment for the conduct of fluoroscopic or
other procedures; the radiology department of the hospital

was an operational, functional, ancillary service, having facilities available to members of the medical staff for requested procedures, both diagnostic and curative; and taking of X-rays, the interpretation thereof, and performance of fluoroscopic and therapeutic procedures at the hospital became integrated into the hospital process. The court also found that the methods and policies adopted by the district in the operation of the radiology department of the hospital conformed to methods and policies generally prevailing in hospitals throughout the State of California; the limitations imposed upon petitioners as members of the medical staff in the use of the equipment and supplies and in the direction of personnel of the department were in the best interest of the public health and welfare; such limitations were not unreasonable, arbitrary or capricious; and the fees charged the patients for services of the radiology department have produced income for the hospital but such income has not resulted in any profit or gain to the hospital from the professional services rendered by the hospital radiologist.

The trial court concluded that the agreement between the district and Benz was a valid and lawful contract and the method of operating the radiology department of the hospital under that agreement was reasonable and lawful. Judgment was entered denying the relief sought by petitioners.

The primary contentions on appeal are two-fold, viz., (1) adoption of the closed staff method of operation of the radiology department unlawfully deprived petitioners of their constitutionally and statutorily guaranteed rights to practice medicine; and (2) the action of the board of directors culminating in the discharge of Letsch and the agreement with Benz was invalid because its decision in the premises was made at a closed meeting in violation of the Brown Act, i.e., Government Code sections 54950 et seq.

Petitioners' contentions that the closed staff operation of a radiology department unlawfully interferes with their right to practice medicine is premised upon a number of secondary contentions many of which were considered and rejected in *Blank* v. *Palo Alto-Stanford Hospital Center,* 234 Cal.App.2d 377 [44 Cal.Rptr. 572] (petition for hearing by Supreme Court denied), which held a closed staff operation of a radiology department in a hospital did not unlawfully interfere with the practice of medicine by the doctors using the hospital; was justified; was not unreasonable; did not create a

monopoly; was not in violation of the prohibition against splitting professional fees; and the judgment of the lower court denying the application of a member of the medical staff of the hospital for an injunction to restrain the closed staff method of operating its radiology department should be affirmed. The decision in that case is determinative of many of the contentions asserted by petitioners in the case at bench. Except for the fact the hospital in the instant case is operated by a public agency, whereas the hospital in the cited case was operated by a corporation, the facts in the two cases are substantially identical. ■ Defendant hospital district was organized under the provisions of Health and Safety Code sections 32100 et seq. The authority of the district and its board of directors to operate a closed staff radiology department is implied in the grant of general authority conferred by Health and Safety Code sections 32121, subdivision (i), and 32125. Petitioners' contentions that the action of defendants in adopting and maintaining the present closed staff radiology department, and the agreement with Benz accomplishing such, were contrary to the provisions of Health and Safety Code sections 32128, subdivision 2, 32128, subdivision 3, and 32129, are refuted entirely by the findings of the court, supported by substantial evidence, and the law in the premises as stated in *Blank* v. *Palo Alto-Stanford Hospital Center, supra,* 234 Cal. App.2d 377. The further finding that the limitations imposed upon the use of the radiology department were not unreasonable, arbitrary or capricious disposes of petitioners' contention to the contrary.

■ The claim of petitioner Reynolds that the closed staff operation unlawfully interfered with his right and that of his patients to select a radiologist of their own choosing is premised on arguments considered and rejected in *Blank* v. *Palo Alto-Stanford Hospital Center, supra,* 234 Cal.App.2d 377. Interference with the right of a medical doctor to use hospital facilities in the practice of his profession if reasonable is not unlawful. The interference resulting from the closed staff operation of which Reynolds complains is reasonable.

■ On the Brown Act violation issue, the court found that the board held a regular meeting on February 11, 1963, during which it declared itself in executive session; the subject of discussion at the executive session pertained to the hospital radiologist and pathologist; at the conclusion of the executive session the board resumed the meeting as an open meeting,

terminated the agreement under which Letsch acted as the hospital radiologist, and authorized an agreement with Benz under which the latter would become the hospital radiologist. The evidence showed the discussion at the executive session concerned the qualifications respectively of Letsch and Benz to continue as the hospital radiologist. Subsequent discussions and actions respecting the subject, including approval of the agreement with Benz, took place in open meeting. The action of the board in executive session did not violate the Brown Act as it came within the closed session exception provided by Government Code section 54957.

The judgments are affirmed.

Brown, P. J., and Finley, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 25, 1967. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairman of the Judicial Council.