[Civ. No. 47161. First Dist., Div. One. July 1, 1981.]

JOSEPHINE ROWEN et al., Plaintiffs and Appellants, v.
SANTA CLARA UNIFIED SCHOOL DISTRICT et al., Defendants
and Respondents.

232

COUNSEL

James T. Rohner and Rohner & Druehl for Plaintiffs and Appellants.

Richard J. Loftus, Larry P. Schapiro and Littler, Mendelson, Fastiff & Tichy for Defendants and Respondents.

## OPINION

**GRODIN, J.**—This case involves construction of the Ralph M. Brown Act (Gov. Code, § 54950 et seq.), which requires in its key provision (§ 54953) that "[a]ll meetings of the legislative body of a local agency shall be open and public ... except as otherwise provided in this chapter." The principal question presented is whether a school board violates that requirement by meeting in closed session with prospective contractors—in this case a "consortium" of three real estate specialists—to discuss with those persons their qualifications to assist the board in disposing of surplus real property.

### PROCEDURAL AND FACTUAL BACKGROUND

The closed session complained of occurred on December 8, 1977, following a regularly scheduled public meeting of the Board of Education of the Santa Clara Unified School District. The secretary of the board kept "notes" of the "topics" discussed during the closed session, but there were no formal minutes. The notes reflect that the topic of the discussion concerned the qualifications of the consortium to perform the proposed service. The parties have stipulated that there was no commitment made during the closed session that the board would employ or contract with the persons interviewed; and that there was no discussion of the compensation to be paid for their services or of the form of agreement which might eventually be reached with them. A proposed contract with the consortium was the subject of public discussion at a regular meeting of the board on March 9, 1978, and again on March 30. On April 13, after further public discussion, the board voted in open session to approve the contract.

On March 30, 1978, appellants, as interested persons, filed an action in the Santa Clara County Superior Court seeking an injunction (Gov. Code, § 54960) to restrain the board and its superintendent from conducting "executive sessions"[1] in violation of the Brown Act. The

---

[1] In 1980, the Brown Act was amended to substitute the term "closed sessions" for "executive sessions" (Stats. 1980, ch. 1284, § 21).

pleading made no mention of the board's failure to keep appropriate minutes, but that matter was explored at the hearing on preliminary injunction; and the trial court, while denying injunctive relief with respect to the holding of executive sessions, issued a preliminary injunction requiring the board to "keep minutes of all future executive sessions of the school board in compliance with Government Code § 54957.2." Thereafter, respondents moved for summary judgment, and their motion was granted. This appeal followed.

## DISCUSSION

### Propriety of Closed Sessions

■ The Brown Act reflects a legislative determination that "public agencies in this State exist to aid in the conduct of the people's business," and an intent "that their actions be taken openly and that their deliberations be conducted openly." (Gov. Code, § 54950.) The term "deliberation" has been broadly construed to connote "not only collective discussion, but the collective acquisition and exchange of facts preliminary to the ultimate decision." (*Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.* (1968) 263 Cal.App.2d 41, 48 [69 Cal.Rptr. 480]). Thus, unless the meeting here complained of falls within some exception to the general statutory requirement for open meetings, it constituted a violation of section 54953.

Apart from section 54957.6, which allows closed sessions in relation to certain collective bargaining activities, the only statutory exceptions to the open meeting requirement are contained in section 54957; and of these the only exception arguably relevant here permits closed sessions "during a regular or special meeting to consider the appointment, employment, or dismissal of a *public employee* or to hear complaints or charges brought against such employee by another person or employee unless such employee requests a public hearing." (Italics added.)

The statute does not define the term "public employee," except by way of exclusion and example.[2] The distinction between employees and

---

[2]In its present form, the second paragraph of section 54957 reads: "For the purposes of this section, the term 'employee' shall not include any person elected to office, or appointed to an office by the legislative body of a local agency: provided, however, that nonelective positions of city manager, county administrator, city attorney, county coun-

independent contractors is well established, however, and presumptively known to the Legislature. It is undisputed that the individuals in question, engaged because of their expertise to perform "special services" (Gov. Code, § 53060) and not subject to control as to the details of its accomplishment, were independent contractors and not "employees" as that term is generally used.

Respondents contend that the term "employee" as used in section 54957 should be given a broader than ordinary interpretation in order to accommodate the policies underlying the exception—which, it suggests, are to avoid "undue publicity," to protect the individual's reputation, and to establish an environment in which subtle and sensitive matters can be explored in an open and candid manner. These policies, it argues, are as applicable to contractors of the sort involved here as they are to employees.

The Legislature may well have considered, however, that whatever privacy interests might be implicated in the engagement of an independent contractor by a public agency to perform special services are more than counterbalanced by the public's interest in full disclosure. Respondents have not suggested, for example, why the "qualifications" of real estate specialists to assist a school board in disposing of surplus real estate—the stated business of the executive session conducted here— would likely involve such sensitive matters as to require concealment from an interested public.[3] And the fact that contracts for special services are exempt from bidding requirements (e.g., *California Sch. Employees Assn. v. Sunnyvale Elementary Sch. Dist.* (1973) 36 Cal. App.3d 46, 62 [111 Cal.Rptr. 433]) highlights the importance of public scrutiny. Arguably the balance comes out differently in the case of ordinary employees, whose relationship to the public agency is of a continuing nature, who work under closer supervision, and whose engagement is not likely to entail the same degree of public interest, or so the Legislature may have thought.

---

sel, or a department head or other similar administrative officer of a local agency shall be considered employee positions; and provided, further that nonelective positions of general manager, chief engineer, legal counsel, district secretary, auditor, assessor, treasurer, or tax collector of any governmental district supplying services within limited boundaries shall be deemed employee positions."

[3]In oral argument, it was suggested that disclosure of possible conflicts of interest might involve sensitive matters. The public's interest in learning of potential conflicts, however, is particularly substantial.

Moreover, respondents' argument proves too much. Respondents claim only the right to consider qualifications and such preliminary matters in executive session; they concede that the Brown Act requires an open meeting for any action taken with respect to independent contractors of the sort it engaged. Yet it has been held with respect to the employee exception to the Brown Act that "the authority to consider personnel matters necessarily includes authority to vote and act." (*Lucas* v. *Board of Trustees* (1971) 18 Cal.App.3d 988, 992 [96 Cal.Rptr. 431]; see also Gov. Code, § 54957.1.) To adopt respondents' view of the matter would require either abandonment of that principle, or the creation of a distinction, unsupported by any statutory language, between its application to employees and its application to independent contractors.

Respondents, in support of their position, rely upon *Letsch* v. *Northern San Diego County Hosp. Dist.* (1966) 246 Cal.App.2d 673 [55 Cal.Rptr. 118], in which a radiologist who had been engaged by the hospital district on a contract basis challenged the district's termination of his contract on the ground, among others, that the meeting of the governing board held to consider the matter was closed to the public. Rejecting that challenge, the court stated: "The action of the board in executive session did not violate the Brown Act as it came within the closed session exception provided by Government Code section 54957." (*Id.*, at p. 678.)

It may be that the relationship of the radiologist to the hospital district in *Letsch* was more like that of employee to employer than is the situation here (cf., *Roseville Community Hospital* v. *Superior Court* (1977) 70 Cal.App.3d 809, 815 [139 Cal.Rptr. 170]). In any event, the question raised here was not discussed in that opinion. Moreover, the court's pronouncement in that case was gratuitous, since the relief plaintiff sought was to invalidate his termination and it is well established that "an action taken in violation of the Brown Act is not void" (*Greer* v. *Board of Education* (1975) 47 Cal.App.3d 98, 122 [121 Cal. Rptr. 542]). For these reasons, we do not consider *Letsch* to be persuasive authority for the sweeping proposition which respondents advance.

Respondents contend, in the alternative, that the power of a school board to meet in executive session for the limited purpose of discussing the qualifications of prospective contractors should be recognized as a *non*statutory exception to the open meeting requirement. In support of

that contention they rely upon *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs., supra,* 263 Cal.App.2d 41, which held that the Brown Act does not bar the governing board of a public agency from consulting in executive session with its own attorneys concerning litigation in which the agency is involved.

The basis for the court's holding in that case, however, was the express statutory attorney-client privilege which, the court found, survived passage of the Brown Act. (263 Cal.App.2d at p. 53 et seq.) Here, we find no comparable competing expression of legislative intent. Rather, we confront what is, in effect, a plea by respondents that we amend the Brown Act by judicial fiat, in order to effectuate our own judgment as to what we consider would be "good" policy for this state's agencies.

Appellants assert as an additional issue the failure of the trial court to order that minutes be maintained of future closed meetings pursuant to Government Code section 54957.2.[4] It is not at all clear from the record, however, that the trial court considered this to be an issue pending at the time of the motion for summary judgment.[5] In any event, the issue was not squarely confronted there, and it is not adequately briefed here (see, e.g., *Lucas* v. *Board of Trustees, supra,* 18 Cal.App.3d at p. 992; and see Gov. Code, § 54957.7, added in 1980 (Stats. 1980, ch. 1284, § 26)), perhaps because the parties considered it ancillary to the principal question presented. Moreover, the record does not include the notes which were in fact kept of the meeting in question. For these reasons, and because the issue appears to be substantially mooted by our determination that appellants were entitled to equitable relief on the closed meeting issue, we decline to pass upon the application of section 54957.7 to this record.

---

[4]That section, added to the Brown Act in 1976 (Stats. 1976, ch. 1363, § 1, p. 6207), read as follows: "The legislative body of a local agency may, by ordinance or resolution, designate a clerk or other officer or employee of the local agency who shall then attend each executive session of the legislative body and keep and enter in a minute book a record of topics discussed and decisions made at the meeting. The minute book made pursuant to this section is not a public record subject to inspection pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7, Title 1), and shall be kept confidential. The minute book shall be available only to members of the legislative body or, if a violation of this chapter is alleged to have occurred at an executive session, to a court of general jurisdiction wherein the local agency lies. Such minute book may, but need not, consist of a recording of the executive session."

[5]Appellants did not amend their complaint to seek relief on this ground. The record is unclear as to whether they were expected to do so.

Reversed and remanded for further proceedings consistent with this opinion.

Racanelli, P. J., and Elkington, J., concurred.