TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-614 |
| of | : | |
| | : | June 10, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BRUCE McPHERSON, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following questions:

1.    Are the meetings of a standing committee composed of less than a quorum of the legislative body of a local public agency subject to the notice, agenda, and public participation requirements of the Ralph M. Brown Act, if the committee has the responsibility of providing advice concerning budgets, audits, contracts, and personnel matters to and upon request of the legislative body?

2.    May a fourth member of a seven member legislative body of a local agency attend, as a member of the public, an open and noticed meeting of a less than a quorum advisory committee of that body, without violating the notice, agenda, and public participation requirements of the Ralph M. Brown Act applicable to meetings of the parent legislative body?

CONCLUSIONS

1.    The meetings of a standing committee composed of less than a quorum of the legislative body of a local public agency are subject to the notice, agenda, and public participation requirements of the Ralph M. Brown Act, if the committee has the responsibility of providing advice concerning budgets, audits, contracts, and personnel matters to and upon request of the legislative body.

2.    A fourth member of a seven member legislative body of a local agency may not attend, as a member of the public, an open and noticed meeting of a less than a quorum advisory

committee of that body, without violating the notice, agenda, and public participation requirements of the Ralph M. Brown Act applicable to meetings of the parent legislative body.

ANALYSIS

A public water district in Central California is governed by a seven member board of directors. The board has established a subcommittee of three members to advise the board on administrative matters as needed. The subcommittee has been in existence for several years and generally meets monthly, but it does not have a fixed meeting schedule and operates under the following rule:

> "The Administrative Committee shall consist of the three Directors appointed by the Chair and approved by the Board. *This committee shall not exercise continuing subject matter jurisdiction.* Its purpose shall be to advise the Board on administrative matters as appropriate. The Board of Directors shall not fix the meeting schedule of this committee. The committee may meet on the call of the chair or as decided by the members. Action taken by the Administrative Committee shall be subject to final Board approval." (Italics added.)

The two questions presented for resolution concern the circumstances and conditions under which the meetings of the board's subcommittee must be open to the public.

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act")[1] provides that "[a]ll meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of a legislative body, except as otherwise provided in this chapter." (§ 54953, subd. (a).)[2] Unless otherwise authorized, notice must be given of each meeting to those who request it (§ 54954.1), an agenda must be posted (§ 54954.2), and the public must be provided an opportunity "to directly address the legislative body" (§ 54954.3).

The issues we are asked to address center upon the requirements, conditions, and limitations of sections 54952 and 54952.2. Section 54952 states:

> "As used in this chapter, `legislative body' means:

> "(a) The governing body of a local agency or any other local body created by state or federal statute.

---

[1] Unless otherwise indicated, all section references hereafter are to the Government Code.

[2] Various subjects may be discussed in closed session, such as real estate acquisitions, pending litigation, liability issues, personnel issues, labor negotiations, and certain ongoing criminal investigations, if proper notice and disclosures are made. (See §§ 54954.5, 54956.7-54957.7.)

"(b)   A commission, committee, board, or other body of a local agency, whether permanent or temporary, decision making or advisory, created by charter, ordinance, resolution, or formal action of a legislative body.   However, advisory committees, composed solely of the members of the legislative body which are less than a quorum of the legislative body are not legislative bodies, except that *standing committees of a legislative body, irrespective of their composition, which have continuing subject matter jurisdiction, or a meeting schedule fixed by charter, ordinance, resolution, or formal action of a legislative body are legislative bodies* for purposes of this chapter."   (Italics added.)

Section 54952.2 states:

"(a)   As used in this chapter, `meeting' includes any congregation of a majority of the members of a legislative body at the same time and place to hear, discuss, or deliberate upon any item that is within the subject matter jurisdiction of the legislative body or the local agency to which it pertains.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c)   Nothing in this section shall impose the requirements of this chapter upon any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(4)   *The attendance of a majority of the members of a legislative body at an open and noticed meeting of another body of the local agency,* provided that a majority of the members do not discuss among themselves, other than as part of the scheduled meeting, business of a specific nature that is within the subject matter jurisdiction of the legislative body of the local agency."   (Italics added.)

1.   Continuing Subject Matter Jurisdiction

The first question presented concerns whether a standing committee, composed of less than a quorum of the legislative body, has "continuing subject matter jurisdiction" for purposes of section 54952, subdivision (b), if it provides advice on budgets, audits, contracts, and personnel matters upon request of the legislative body.   We conclude that the Act's requirements would be applicable to the subcommittee's meetings.

With respect to the application of the phrase "continuing subject matter jurisdiction" as used in section 54952, we are guided by well established principles of statutory construction.   "When interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal. 4th 821, 826.)   "To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning." (*Da Fonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.)   "In construing a statute the court will consider the purpose of the law and adopt a construction which will further that purpose."

(*Robinson* v. *Fair Employment and Housing Com'n* (1992) 2 Cal.4th 226, 234.) "Consistent with the intent of the Legislature, a statute should be accorded a reasonable and common sense interpretation, avoiding absurd or impractical results." (*Dakin* v. *Department of Forestry & Fire Protection* (1993) 17 Cal.App.4th 681, 686.)

The general purposes of the Act are set forth in section 54950:

"In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.

"The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created."

The courts have liberally construed the terms of the Act so as to effectuate its purposes. (See *Rowan* v. *Santa Clara Unified School Dist.* (1981) 121 Cal.App.3d 231, 235; *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.* (1968) 263 Cal.App.2d 41, 48.)

We note that a "standing committee" is commonly defined as "a committee to consider subjects of a particular class arising during a stated period; specif[ically] a permanent committee of a legislative body." (Webster's Third New Internat. Dict. (1971) p. 2224.) "Permanent" may be commonly defined as "to endure, remain." ( *Id*., at p. 1683.)

As for the phrase "continuing subject matter jurisdiction," we find that "continuing" means "needing no renewal" (Webster's, *supra*, at p. 493), "subject matter" means "matter presented for consideration" (*id*., at p. 2276), and "jurisdiction" means "power, right, or authority to hear . . . a cause" (*id*., at p. 1227).

Applying these common definitions in carrying out the Act's purposes, we believe that the subcommittee in question has the authority to hear and consider issues relating to budgets, audits, contracts, and personnel matters and that its authority needs no renewal. As such, it is a "legislative body" under the terms of section 54952, subdivision (b), and its meetings are subject to the Act's requirements of notice, a posted agenda, and public participation. Although under its local operating rule, the subcommittee "shall not exercise continuing subject matter jurisdiction," we do not find such rule provision to be determinative. The language of the local rule appears inconsistent at best and may not be used to thwart the purposes and requirements of the Act.

We thus follow function over form in carrying out the Legislature's purposes. In particular, this subcommittee does not have a limited term, and it is not an ad hoc committee charged with accomplishing a specific task in a short period of time. Further, it is irrelevant for purposes of section 54952 that the subcommittee is advisory rather than decision making, that its meetings are

called by the chair of the subcommittee rather than by formal action of the legislative body, or that some, but not all, of the matters under its jurisdiction are referred to it. The purpose of the subcommittee is to advise the legislative body when requested on those matters within its continuing subject matter jurisdiction.

We conclude that the meetings of a standing committee composed of less than a quorum of a legislative body are subject to the notice, agenda, and public participation requirements of the Act, if the committee has the responsibility of providing advice on budgets, audits, contracts, and personnel matters upon request of the legislative body.

2.    Presence of a Quorum

The second inquiry concerns whether a fourth member of a seven member legislative body of a local agency may attend, as a member of the public, a public meeting of a less than a quorum advisory committee of that body, without violating the notice, agenda, and public participation requirements applicable to meetings of the parent legislative body.

As quoted above, the term "meeting" is defined in section 54952.2, subdivision (a), to include "any congregation of a majority of the members of a legislative body at the same time and place to hear, discuss, or deliberate upon any item that is within the subject matter jurisdiction of the legislative body or the local agency to which it pertains."[3]   Unless an exception applies, attendance by a fourth member of a seven member legislative body of a local agency at a less than a quorum subcommittee meeting would constitute a meeting of the legislative body itself and thus would result in a violation of the notice, agenda, and public participation requirements for meetings held by the parent legislative body.

Section 54952.2, subdivision (c)(4), however, provides an exception to the requirements of the Act for the

". . . attendance of a majority of the members of a legislative body *at an open and noticed meeting of another body of the local agency*, provided that a majority of the members do not discuss among themselves, other than as part of the scheduled meeting, business of a specific nature that is within the subject matter jurisdiction of the legislative body of the local agency."   (Italics added.)

It has been suggested that since a subcommittee with continuing subject matter jurisdiction is itself a "legislative body" (§ 54952, subd. (b)) subject to the notice, agenda, and public participation requirements of the Act, such a subcommittee would be "another body" of the local agency for purposes of the section 54952.2, subdivision (c)(4) exception.   Under this interpretation, a fourth

---

[3]The term "meeting" was not defined by the Legislature prior to the enactment of section 54952.2   (Stats. 1993, ch. 1136, § 2) operative April 1, 1994.   Prior to that time numerous judicial decisions and opinions of this office determined that the Act essentially governed all meetings of a quorum of the legislative body when the public's business was discussed.   (See *Frazer* v. *Dixon Unified School Dist.* (1993) 18 Cal.App.4th 781, 796-797.)

member of the parent legislative body could attend, hear, and discuss, as a member of the public, items that are part of the scheduled subcommittee meeting. We reject this interpretation of section 54952.2, subdivision (c)(4), for several reasons.

"[I]f a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735.) "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose, i.e., the object to be achieved and the evil to be prevented by the legislation. [Citations.]" (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159.)

As we explained in answer to the first question, the provisions of the Act are to be liberally construed to prevent subterfuge and evasion of the Legislature's purposes. The actions of public agencies are to be taken only after proper notice has been given to the public so that members of the public will have a meaningful opportunity to present their views while the decisions are still pending.

In *Stockton Newspapers, Inc.* v. *Redevelopment Agency* (1985) 171 Cal.App.3d 95, for example, the court determined that a series of telephone conversations between members of a legislative body constituted a "meeting" subject to the requirements of the Act. In discussing the exception applicable for meetings of subcommittees composed of less than a quorum of the members, the court stated:

> ". . . [T]his exception contemplates that the part of the governing body constituting less than a quorum `will report back to the parent body where there will *then* be a full opportunity for public discussion of matters not already considered by the full board or a quorum thereof.' [Citations.] Such is not the case where a number of the members sufficient to constitute a quorum of the legislative body has already been informed and deliberated, albeit serially, on a matter of public business by the time the matter reaches the stage of public discussion. [Citation.]" (*Id.*, at pp. 102-103.)

The courts will thus carefully scrutinize the particulars of each situation and invalidate an attempt to evade the purposes of the Act.

Here, items within the subject matter jurisdiction of a subcommittee will necessarily also be within the subject matter jurisdiction of the parent legislative body. If a majority of the legislative body is allowed to be present at a subcommittee meeting held to consider items that presumably will appear on a future agenda of the legislative body, proper notice and public participation cannot be assured. An item may be resolved at the subcommittee meeting by a quorum of the members, with the action later taken at the legislative body's own meeting constituting a mere "rubber stamp." Although the subcommittee meeting would be noticed and open to the public, the public would not anticipate that items will be resolved at that meeting due to the less than a quorum composition of the subcommittee. Members of the public wishing to present their views when the item is to be decided will attend the legislative body's meeting only to find that the decision has in effect already been made. The public will effectively be denied the right to present views prior to the

legislative body's actual determination.  Such result would undermine the Legislature's purposes in requiring notice, a posted agenda, and public participation prior to the resolution of a matter by a legislative body.

We believe that the section 54952.2, subdivision (c)(4) exception is intended to govern the situation where a majority of the members of a legislative body attend a meeting of another body of the local agency that is composed of persons different from the legislative body members themselves.  For example, a majority of city council members may attend a meeting of the city's planning commission.  The planning commission would be expected to take action with respect to the items on its published agenda, and the public would not expect the city council members to resolve any of the items at that time.  Subdivision (c)(4) of section 54952.2 allows the entire city council to attend the planning commission meeting without it being considered a meeting of the city council, where the public will still have a meaningful opportunity to address the city council on any items referred to it by the commission.  A contrary construction of section 54952.2 would allow a legislative body to conduct virtually all of its public business in subcommittee meetings without proper public notice or participation.

We conclude that a fourth member of a seven member legislative body of a local agency may not attend, as a member of the public, an open and noticed meeting of a less than a quorum advisory committee of that body, without violating the notice, agenda, and public participation requirements of the Act applicable to meetings of the parent legislative body.

* * * * *