TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1207 |
| of | : | |
| | : | April 29, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE QUENTIN L. KOPP, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following questions:

1.      May members of the legislative body of a local public agency ask questions or make statements while attending a meeting of a standing committee of the legislative body "as observers"?

2.      May members of the legislative body of a local public agency sit in special chairs on the dais while attending a meeting of a standing committee of the legislative body "as observers"?

CONCLUSIONS

1.      Members of the legislative body of a local public agency may not ask questions or make statements while attending a meeting of a standing committee of the legislative body "as observers."

2.      Members of the legislative body of a local public agency may not sit in special chairs on the dais while attending a meeting of a standing committee of the legislative body "as observers."

ANALYSIS

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act") **Footnote No. 1** requires the "legislative body" of a "local agency" to hold its meetings open to the public unless a specific statutory exemption is applicable (see §§ 54951, 54952, 54953, 54962). A notice of all such meetings as well as an agenda of matters to be discussed must be provided to the public. (§§ 54954.1, 54954.2.) Members of the public are permitted not only to attend the meetings but are granted the right to directly address the legislative body on any item within its jurisdiction. (§ 54954.3.)

In 79 Ops.Cal.Atty.Gen. 69 (1996), we concluded that a fourth member of a seven-member legislative body could not attend a meeting of one of its standing committees without violating the notice, agenda, and public participation requirements of the Act applicable to the meetings of the legislative body itself. The fourth member would constitute the presence of a quorum of the entire legislative body and result in a "meeting" of the legislative body as that term is defined in the Act. (*Id*., at pp. 73-74.)

In 1997 the Legislature responded to our 1996 opinion (Stats. 1997, ch. 253, § 1) by adding subdivision (c)(6) to section 54952.2, excluding the following situation from the definition of "meeting" for purposes of the Act:

"The attendance of a majority of the members of a legislative body at an open and noticed meeting of a standing committee of that body, provided that the members of the legislative body who are not members of the standing committee attend *only as observers*." (Italics added.)

It is the phrase "only as observers" that gives rise to the two questions presented for resolution.

1. Questions or Statements

We are first asked whether the members of a legislative body of a local public agency may ask questions or make statements while attending meetings of one of their standing committees "as observers." We conclude that they may not do so.

In analyzing the language of section 54952.2, we apply well recognized principles of statutory construction. "To interpret statutory language, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632.) "'[E]very word and phrase employed [in a statute] is presumed to be intended to have meaning and perform a useful function . . . [and] a construction rendering some words in the statute useless or redundant is to be avoided.' [Citation.]" (*People* v. *Contreras* (1997) 55 Cal.App.4th 760, 764.) The words of a statute are to be given "'a plain and commonsense meaning.' [Citations.]" (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597.) "'Statements in legislative committee reports concerning the statutory purposes which are in accordance with a reasonable interpretation of the statute will be followed by the courts. . . .' [Citation.]" (*O'Brien* v. *Dudenhoeffer* (1993) 16 Cal.App.4th 327, 334; see *People* v. *Cruz* (1996) 13 Cal.4th 764,773-774, fn. 5.)

The term "observer" commonly means in this context "a representative sent to observe and listen but not to officially participate in a gathering." (Webster's New Internat. Dict. (3d ed.

1961) p. 1558). Accordingly, we believe that the Legislature, having used the word "only" in conjunction with the words "as observers," intended to limit attendance in these circumstances to watching and listening without further participation. Those intending to qualify as observers under subdivision (c)(6) of section 54952.2 must refrain from asking questions or making statements. **Footnote No. 2** Any conduct other than observing and listening would transcend the statutory authorization, as interpreted under the "plain and commonsense meaning" rule.

The legislative history of the 1997 amendment of section 54952.2 fully supports our "plain meaning" interpretation of the words used by the Legislature. The committee reports contain numerous references to the exceedingly limited role of an "observer" in comparison to the rights of a member of the standing committee or of a member of the general public. Attendance, without more, was what the Legislature intended to sanction. **Footnote No. 3**

Finally, the general purposes of the Act are to ensure not only that any final actions by legislative bodies of local public agencies are taken in a meeting to which the public has advance notice but also that any deliberations with respect thereto are conducted in public as well. (§§ 54950, 54952.2; see *Stockton Newspaper, Inc.* v. *Redevelopment Agency* (1985) 171 Cal.App.3d 95, 100-103; *Rowen* v. *Santa Clara Unified School Dist.* (1981) 121 Cal.App.3d 231, 234; *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Supers.* (1968) 263 Cal.App.2d 41, 47-51.) "Deliberations" here would include mere attendance, resulting in the receipt of information. As stated in *Frazer* v. *Dixon Unfiied School Dist.* (1993) 18 Cal.App.4th 781, 794: ". . . Deliberation in this context connotes not only collective decision making, but also 'the collective acquisition and exchange of facts preliminary to the ultimate decision.' [Citations.]" Thus without the special exemption for "observers," the mere attendance at the meeting by a quorum of the legislative body would constitute a violation of the Act. To permit observers to testify and ask questions would let them fully participate in the deliberations of the standing committee, rendering virtually meaningless their restricted status as attending "only as observers."

Accordingly, based upon the plain language of section 54952.2, the legislative history of its recent amendment, and the general purposes of the Act, we conclude that members of the legislative body of a local public agency may not ask questions or make statements while attending a meeting of a standing committee of the legislative body "as observers." Attendance is a limited one in such circumstances, restricted to watching and listening.

2. Placement of Observers

The second question presented is whether legislative body members attending a meeting of a standing committee "only as observers" may sit in special chairs on the dais. We conclude that they must sit in the area designated for members of the public who are attending the meeting.

The primary legislative purpose in adding subdivision (c)(6) to section 54952.2 was to permit legislative body members to *attend* standing committee meetings. On granting such authorization, however, the Legislature made clear that such observers were to be accorded no special privileges. Indeed, such observers have fewer rights than members of the general public attending the meetings, since as observers they may make no statements or ask questions.

To permit legislative body observers to sit on the dais would grant them greater rights than members of the public. It could also create the impression that the standing committee meeting constituted a meeting of the legislative body itself. Having the observers sit in the area designated for members of the general public would eliminate any confusion as to their role in the proceedings and effectuate the Legislature's intent of not granting special privileges to those attending "only as observers."

We conclude that members of the legislative body of a local public agency may not sit in special chairs on the dais while attending a meeting of a standing committee of the legislative body "as observers."

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Government Code are by section number only.
**Footnote No. 2**
Of course, if they wish to participate in the meeting, they may do so by having the meeting noticed as a meeting of the full legislative body.
**Footnote No. 3**
Mere attendance would otherwise be proscribed because it would constitute "participation" in the meeting through the receipt of information.